IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY LAMBERT,

    Petitioner,

  v.                                                                                     No. 1:15-cv-01081-JDB-egb
                                                                                            No. 1:13-cr-10014-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING IN PART AND DENYING IN PART AMENDED § 2255 MOTION,
REFERRING MATTER TO MAGISTRATE JUDGE
FOR POSSIBLE APPOINTMENT OF COUNSEL,
DENYING *IN FORMA PAUPERIS* APPLICATION AS MOOT,
DIRECTING PETITIONER TO FILE A RENEWED *IN FORMA PAUPERIS* APPLICATION
AND TRUST FUND ACCOUNT STATEMENT,
AND
DIRECTING CLERK TO SEND FORM

Before the Court is the amended motion of Petitioner, Timothy Lambert, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Amended Petition"). (Case Number ("No.") 15-cv-01081, Docket Entry ("D.E.") 21[1]; D.E. 7; D.E. 1.) For the reasons that follow, the Amended Petition is GRANTED in part and DENIED in part without prejudice.

BACKGROUND

On February 19, 2013, a federal grand jury returned a one-count indictment charging Lambert with possessing and receiving a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a), (e). (No. 13-cr-10014, D.E. 2.) Counsel was appointed to represent him. (*Id.*, D.E. 6.)

Defendant filed a motion to suppress the firearm as evidence, which was denied by the Court. (*Id.*, D.E. 27.) On November 29, 2013, Defendant entered a conditional plea of guilty to

---

[1]Hereinafter, citations to documents filed in No. 15-cv-01081 will not contain the case number, and citations to No. 13-cr-10014 will contain the case number.

the sole count of the indictment. (*Id.*, D.E. 34; *see* D.E. 32.) By his plea, he waived his right to appeal his conviction and sentence, except with regard to the Court's decision to deny his motion to suppress. (*Id.*, D.E. 34 at PageID 39.)

On March 31, 2014, the Court sentenced Defendant under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 151 months' imprisonment, and three years of supervised release. (*Id.*, D.E. 44 at PageID 93; *id.*, D.E. 41.) Judgment was entered on April 3, 2014. (*Id.*, D.E. 43.) The government filed a notice of appeal, (*id.*, D.E. 45), which was later voluntarily dismissed, (*id.*, D.E. 52). Defendant filed a *pro se* notice of appeal on November 26, 2014, (*id.*, D.E. 57), which was dismissed as untimely, (*id.*, D.E. 67 at PageID 139-40).

In April 2015, the inmate initiated the instant § 2255 proceedings. (D.E. 1.) The Amended Petition, which is comprised of the original § 2255 motion, (D.E. 1), and later amendments, (D.E. 21; D.E. 7), sets forth the following claims:

> Claim 1: Defense counsel rendered ineffective assistance by "failing to file an appeal to defendant[']s motion to suppress hearing" after Petitioner "requested his attorney to file an appeal" and after counsel "informed defendant that he was going to file an appeal." (D.E. 21 at PageID 116; D.E. 1 at PageID 4.)
>
> Claim 2: Defense counsel rendered ineffective assistance by "failing to argue that defendant[']s prior convictions did not qualify" as predicate convictions for sentence enhancement under the ACCA. (D.E. 1 at PageID 5.)
>
> Claim 3: "Petitioner . . . is actual[lly]/factual[ly] innocent of [the sentence enhancement under] the ACCA" because his "prior convictions were held 'Viod' [sic]." (D.E. 7 at PageID 57; D.E. 1 at PageID 7.)

The government argues that Claims 2 and 3 are without merit, (D.E. 17 at PageID 84-88), but does not oppose entry of relief on Claim 1, (D.E. 23 at PageID 127-28).

## DISCUSSION

For the following reasons, the Court concludes that Claim 1 should be granted. Because a delayed appeal is warranted, the remaining claims will not be addressed.

2

As noted, Lambert argues in Claim 1 that his trial counsel disregarded his instructions to file an appeal from the Court's denial of his motion to suppress, and that his attorney led him to believe that he would file a notice of appeal. He asserts that his attorney therefore rendered ineffective assistance in violation of the Sixth Amendment.

In support of his claim, the inmate notes that he entered a conditional plea, which reserved his right to appeal the Court's suppression decision. He alleges that he thus understood that a limited direct appeal was to be taken. He also insists that his behavior following his conditional plea demonstrates his understanding that counsel was to have filed a notice of appeal. In May 2014, the month following entry of the judgment, Petitioner sent a letter to the Court's Clerk asking for "paper work that I need to appeal my case" and explaining that he "ha[d] been trying to get these things from my lawyer . . . and ha[d]n't been able to receive these things." (D.E. 49-1 at PageID 109.) He sent a second letter to the Clerk in November 2014, stating that his attorney had "drop[ped] [his] appeal because of money that he ha[d] not receive[d]." (D.E. 54 at PageID 115.) That same month, Petitioner submitted a *pro se* notice of appeal regarding the suppression issue. (D.E. 57.) The Sixth Circuit dismissed the appeal as untimely. (D.E. 67.)[2]

An ineffective assistance claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on such a claim, a petitioner must prove two elements: (1) that counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Id.*

---

[2]Lambert's notice of appeal states that he was appealing D.E. 48, which is the Court's order denying his attorney's motion to withdraw, as well as D.E. 23, which is his motion to suppress. (D.E. 57.) The Sixth Circuit's dismissal order, however, only states that Lambert was appealing the order denying his attorney's request to withdraw. (D.E. 67 at PageID 139.)

In *Roe v. Flores-Ortega*, the United States Supreme Court announced that *Strickland*'s test applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." 528 U.S. 470, 477 (2000). The Court held that a federal criminal attorney who does not file a timely notice of appeal after a request by his client performs deficiently. *Id.* Moreover, prejudice is presumed, and the defendant need not show that "his appeal would likely have had merit." *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)). Applying the rules set forth in *Flores-Ortega*, the Sixth Circuit has held that "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).

The government, here, concedes that "[P]etitioner has made a prima facie case regarding his . . . claim that he has suffered from ineffective assistance of counsel, for failing to file an appeal" from the Court's denial of his motion to suppress. (D.E. 23 at PageID 128.) It further concedes that Lambert's letters to the Clerk and his *pro se* notice of appeal "evinc[e] his intention for proceeding with an appeal." (*Id.* at PageID 127.) Consistent with its concessions, Respondent has not submitted an affidavit from defense counsel contradicting the inmate's allegation that his counsel ignored his request for an appeal.

On this record, the Court finds that Petitioner directed his attorney to appeal the Court's denial of the suppression motion, that counsel led him to believe that an appeal would be filed, and that counsel failed to file a timely notice of appeal. Counsel therefore rendered ineffective assistance, and Petitioner is entitled to a delayed appeal as to the denial of his suppression motion.

Claim 1 of the Petition is GRANTED. The remaining claims are DENIED without prejudice.

This matter is REFERRED to United States Magistrate Judge Edward G. Bryant to determine whether Petitioner qualifies for appointment of counsel for the purposes of a delayed appeal. The inmate is ORDERED to file an *in forma pauperis* application and a copy of his inmate trust fund account statement within twenty-eight (28) days of the date of entry of this order.[3]

The Clerk is DIRECTED to send Petitioner an *in forma pauperis* application form.

IT IS SO ORDERED this 11th day of April 2018.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's earlier-filed *in forma pauperis* application, (D.E. 2), is DENIED as moot because it contains outdated trust fund information.